1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

PAMELA A. BAUGHER,

                              Plaintiff,

v.

BANK OF AMERICA, BANA,

                              Defendant.

NO:  4:14-CV-5089-RMP

ORDER GRANTING MOTION TO
DISMISS AND DENYING MOTION
FOR SUMMARY JUDGMENT

12

13

14

15

16

17

18

19

20

    Before the Court is Defendant's Motion to Dismiss, ECF No. 7, and

Plaintiff's Motion for Summary Judgment, ECF No. 11.  The Court has reviewed

the motions and related filings.  The Court is fully informed.

    *Background*

    The Complaint concerns property that Plaintiff owned in Seattle,

Washington.  ECF No. 1 at 2.  Plaintiff sold the property to Klaus Kerl in

December 2006.  ECF No. 8-1.  Kerl obtained two loans to fund the purchase.  He

borrowed $355,550 from Market Street Mortgage (MSM), which was secured by a

deed of trust on the property.  ECF No. 8-2.  Defendant was the original loan

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR
SUMMARY JUDGMENT ~ 1

servicer of the MSM loan.  *See* ECF No. 13 at 3.  Kerl also borrowed $144,000 from Plaintiff.  ECF No. 8-3.

Kerl defaulted on the loan from Plaintiff, and Plaintiff obtained judgment against Kerl.  ECF No. 8-4.  Eventually, Plaintiff foreclosed on the property and purchased it, as shown by a trustee's deed recorded on August 13, 2008.  ECF No. 8-5.  On October 27, 2008, Plaintiff executed a Simple Assumption Agreement and became a co-borrower of the MSM loan, ECF No. 8-6, which is the subject of this lawsuit.[1]  In the Simple Assumption Agreement, Plaintiff assumed "the obligation to make payments due, and to perform all obligations of a borrower or mortgagor under the terms of the Note and Security Instrument executed in connection with the Loan . . . ."  ECF No. 8-6.

---

[1] Defendant's declaration in support of the Motion to Dismiss includes multiple exhibits that were not attached to the Complaint.  *See* ECF No. 8.  Courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The Court takes judicial notice of all of Defendant's exhibits that were publically recorded or that are publically available pleadings and court orders from Plaintiff's lawsuits.  *See* ECF No. 8; *see also Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) ("In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record.").  The Simple Assumption Agreement is the only exhibit that does not appear to be a matter of public record.  *See* ECF No. 8-6.  However, because Plaintiff does not dispute the authenticity of the Simple Assumption Agreement, the Court considers that document as well.  *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (when deciding a motion to dismiss, court may "consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them").  Plaintiff does not contest the authenticity of the Simple Assumption Agreement, which is central to her allegation that she was not obligated to repay the MSM loan.

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT ~ 2

Mortgage Electronic Records System, Inc. (MERS), which originally was the nominee beneficiary for the deed of trust that secured the MSM loan, conveyed its interest to Wells Fargo in December 2011.  ECF Nos. 8-2 at 2; 8-7.  The parties agree that Nationstar Mortgage took over from Defendant as loan servicer of the MSM loan and began foreclosure proceedings.  ECF Nos. 1 at 2; 7 at 4.  Plaintiff sold the property prior to its foreclosure.  *See* ECF No. 8-8.

In the Complaint, Plaintiff alleges that she was forced to sell the property in order to avoid foreclosure.  ECF No. 1 at 2.  She further asserts that she paid the loan in full to Nationstar under extreme duress from Defendant, even though she claims that she was not obligated to pay the loan.  *See* ECF No. 1 at 2.  Plaintiff seeks damages including $417,796.71, the amount that she paid to Nationstar to satisfy the loan obligation.  ECF No. 1 at 3; *see also* ECF No. 11 at 3 (itemized list of amounts paid to Nationstar).

This is the third lawsuit that Plaintiff has filed against Defendant in the Eastern District of Washington regarding this matter.  Both of the prior cases were dismissed upon Plaintiff's motion.  2:12-cv-05137-LRS, ECF No. 12; 2:13-cv-05087-RMP, ECF No. 45.  In the second action, without providing any explanation, Plaintiff moved to withdraw her motion to dismiss after the Court had dismissed her case.  *See* 2:13-cv-05087-RMP, ECF No. 46.  The Court did not allow Plaintiff to withdraw her motion to dismiss, which was based on Plaintiff's

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT ~ 3

admission that she had sued the wrong entity.  *See* 2:13-cv-05087-RMP, ECF No. 46.

*Motion to Dismiss*

Defendant moves to dismiss the Complaint for failure to state a claim and argues that Plaintiff's claims are barred because Plaintiff voluntarily dismissed her two prior complaints regarding the same loan.

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Here, Plaintiff has not shown that she has a plausible claim for relief against Defendant, Bank of America, N.A. According to the Complaint, Nationstar was the loan servicer at the relevant time period and Nationstar apparently initiated foreclosure. *See* ECF No. 1 at 2 (". . . FORECLOSURE SALE DATE WAS SCHEDULED for JUNE 23, 2014 per Nationstar representatives . . . ."). Plaintiff also asserts that she paid funds to Nationstar to satisfy the loan, not to Defendant, so it is unclear why Plaintiff seeks to recover the amount from Defendant. *See* ECF No. 1 at 2. While Plaintiff alleges that she was under extreme duress from Defendant, she has not pleaded any facts that might make such a claim rise above the level of "naked assertion." *See Twombly*, 550 U.S. at 557. Moreover, in light of Plaintiff's explanation that Defendant had transferred its interest in the loan to Nationstar, it is implausible to believe that Defendant would compel Plaintiff to repay the loan.

In opposition to the Motion to Dismiss, Plaintiff clarifies her assertion that Defendant wrongfully transferred the loan to Nationstar while Plaintiff was suing Defendant, allegedly in order to avoid liability to Plaintiff.  *See* ECF No. 9 at 2.  However, the deed of trust securing the MSM loan expressly provides for the sale of the note and the change of the loan servicer.  ECF No. 8-2 at 12.  Plaintiff has offered no support for her contention that the transfer was improper in this instance.

Moreover, the root of Plaintiff's action against Defendant appears to be that Plaintiff was not obligated to repay the MSM loan.  *See* ECF No. 1 at 1.  However, Plaintiff does not dispute that approximately two months after reacquiring the property from Kerl, Plaintiff signed the Simple Assumption Agreement, "assum[ing] the obligation to make payments due, and to perform all obligations of a borrower . . . ."  *See* ECF No. 8-6.  Plaintiff attached to the Complaint a loan statement from Nationstar dated April 18, 2014, reflecting overdue payments of $88,428.72.  ECF No. 1 at 4.  Accordingly, Plaintiff has not alleged sufficient facts to support her underlying claim that she was not obligated to pay the MSM loan or that the pending foreclosure was improper.

Plaintiff's Complaint includes additional vague assertions regarding MERS's transfer of its interest to Wells Fargo and a document "by a person whose

name is on a so-called Robo-Signer list," although it is uncertain whether Plaintiff

claims that these are independent bases for relief.  *See* ECF No. 1 at 1-2.

In sum, Plaintiff has failed to state a facially plausible claim against

Defendant Bank of America, N.A., and dismissal is appropriate.

Defendant argues that dismissal with prejudice is proper pursuant to Rule 41

because Plaintiff voluntarily dismissed her prior two lawsuits against Defendant.

A plaintiff may voluntarily dismiss an action without an order by filing either: "(i)

a notice of dismissal before the opposing party serves either an answer or a motion

for summary judgment; or (ii) a stipulation of dismissal signed by all parties who

have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  Voluntary dismissal under the rule

generally is without prejudice, "[b]ut if the plaintiff previously dismissed any

federal- or state-court action based on or including the same claim, a notice of

dismissal operates as an adjudication on the merits."  Fed. R. Civ. P. 41(a)(1)(B).

"This 'two dismissal' rule, as it is called, was intended to prevent delays and

harassment caused by plaintiffs securing numerous dismissals without prejudice."

9 Charles Alan Wright et al., *Federal Practice & Procedure* § 2368 (3d ed.).

Because Plaintiff voluntarily dismissed two lawsuits against Defendant

based on these claims, Defendant asserts that there has been an adjudication on the

merits.  ECF No. 7 at 14.  Plaintiff's first case in the Eastern District of

Washington on this matter was dismissed before Defendant filed an answer or a

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR
SUMMARY JUDGMENT ~ 7

motion for summary judgment; thus, it arguably constitutes notice of dismissal for purposes of the two-dismissal rule. *See* 2:12-cv-05137-LRS, ECF No. 11.[2]

However, Plaintiff dismissed the second case through a motion to dismiss, which was filed after Defendant had filed its Answer. *See* 2:13-cv-05087-RMP, ECF No. 43. Also, Defendant stipulated to the dismissal. 2:13-cv-05087-RMP, ECF No. 44. Under the terms of Rule 41, a *notice of dismissal* constitutes an adjudication on the merits if the plaintiff previously dismissed a case based on the same claim. Fed. R. Civ. P. 41(a)(1)(B). However, the two-dismissal rule "does not apply to a dismissal by stipulation, nor to an involuntary dismissal, nor to a dismissal by a district court order under Rule 41(a)(2)." Wright, et al., *supra*. Because Plaintiff's second lawsuit was resolved by stipulation rather than by notice of dismissal, Rule 41 does not require dismissal with prejudice in this matter.

The Court "construe[s] pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir.2011) (quoting *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995) (per curiam) ("Unless it is absolutely

---

[2] Plaintiff titled the document dismissing the case a "Motion to Dismiss without Prejudice," 2:12-cv-05137-LRS, ECF No. 11, but considering that Plaintiff filed the "motion" before Defendant answered or filed a motion for summary judgment, it likely would be construed as notice of dismissal for purposes of Rule 41. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT ~ 8

1   clear that no amendment can cure the defect, . . . a pro se litigant is entitled to

2   notice of the complaint's deficiencies and an opportunity to amend prior to

3   dismissal of the action.").

4          The Court finds that it is appropriate to allow Plaintiff to amend her

5   Complaint in light of the above explanation of its deficiencies as well as the

6   discussion in Defendant's Motion to Dismiss.

7          *Plaintiff's Motion for Summary Judgment*

8          Plaintiff's Motion for Summary Judgment consists of two paragraphs in

9   which she reiterates that Defendant sold the disputed loan to Nationstar in order to

10  avoid liability.  ECF No. 11.  Summary judgment is appropriate when there is no

11  genuine dispute as to any material fact and the moving party is entitled to judgment

12  as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial

13  burden of demonstrating the absence of a genuine issue of material fact.  *See*

14  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding a motion for

15  summary judgment, a court must construe the evidence and draw all reasonable

16  inferences in the light most favorable to the nonmoving party.  *T.W. Elec. Serv. v.*

17  *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

18         Plaintiff has not met her initial burden of showing the absence of a genuine

19  issue of material fact.  Plaintiff's motion only reasserts conclusory allegations

20  against Defendant and includes documentary evidence showing that the loan at

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR
SUMMARY JUDGMENT ~ 9

issue was paid in full to the most recent loan servicer, Nationstar.  *See* ECF No. 11.  In her reply brief filed in support of the Motion for Summary Judgment, Plaintiff asserts her belief that she held a senior lien that extinguished Defendant's lien.  *See* ECF No. 16 at 2.  However, Plaintiff offers no evidence that supports this theory.  Moreover, for the reasons discussed in regard to Defendant's Motion to Dismiss, the assertions as pleaded against Defendant in the Complaint are implausible.  Summary judgment in Plaintiff's favor would be inappropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion to Dismiss, **ECF No. 7**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3.    Plaintiff may submit an amended complaint within **thirty (30) days** of the date of this Order.  Plaintiff's amended complaint shall consist of a short and plain statement showing that she is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff shall set forth her factual allegations in separate numbered paragraphs.  The amended complaint will operate as a complete substitute for, rather than a mere supplement to, the present complaint.  The amended complaint must be legibly rewritten or retyped in its entirety, it may not incorporate any part of the original complaint by reference, and it must clearly be labeled the "First Amended Complaint" with cause number **14-CV-5089-RMP** written in the caption.

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT ~ 10

4.    Plaintiff is cautioned that the failure to remedy the deficiencies in the Complaint, which were discussed in this Order and elaborated in Defendant's Motion to Dismiss, may result in dismissal of her case with prejudice. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (internal quotation marks omitted)).

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Plaintiff, who is a pro se litigant.

**DATED** this 9th day of January 2015.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT ~ 11